## BOLTZ v BOLTZ

Ohio Appeals, 9th Dist, Summit Co

No 3005. Decided May 12, 1938

Harold E. Held, Akron, and Mathews, Booth & O'Neill, Cleveland for appellee. Bailey & Bailey, Akron, for appellant.

### OPINION

PER CURIAM:

Charles Boltz took his mother to the home of his sister-in-law, Lilly Boltz, to be supported and cared for by her, and for some time paid for such services either out of the estate of his father or out of his own funds. After he stopped so paying, Lilly Boltz wrote to him asking him to take his mother to someone else to be cared for, or to pay her for the support furnished.

He did neither, and, after his mother's death, Lilly Boltz brought this action to recover compensation for the services which she had rendered, and for which she had not been paid.

At the trial, counsel for Charles Boltz induced the trial court to charge the law as announced by the Supreme Court of Ohio in the case of **Hinkle, et Exrs. v Sage, 67 Oh St 256,** to the effect that Lilly Boltz could not recover from defendant unless she established that there was an express contract by which Charles Boltz agreed to pay her for said services.

We hold that the law of said case is not applicable to the situation presented by the record in this case.

Notwithstanding the court so charged the jury, a verdict was returned in favor of Lilly Boltz, upon which verdict judgment was entered. Charles Boltz has appealed the case to this court on questions of law.

In view of the inapplicability of the law of the Hinkle case to this case, we are not called upon to determine whether the finding of the existence of an express contract by the jury is manifestly against the weight of the evidence. We do find ample evidence in the record to support a finding that there was an implied contract between

Charles Boltz and Lilly Boltz that said Charles Boltz would pay for the care and support furnished his mother by Lilly Boltz.

The judgment will be affirmed.

STEVENS, PJ, WASHBURN, J, and DOYLE, J, concur.